COPELAND v. YOUNG.

1. No appeal lies to this court from the findings of fact by a Circuit judge in a case involving a purely legal demand, triable by jury, but improper conclusions of law from such findings, and mere errors of calculation may be here corrected.

2. Where A advanced money at the request of B to redeem lands of B held by a purchaser at tax-sale, and A, to secure this debt, took deed to himself from such purchaser, A may bring action against B to recover the amount so advanced, without a tender to B of such title as he (A) had.

3. If an unsuccessful action to recover land could, in any case, be proper ground to sustain a suit for damages, that, as also interference with defendant's possession of such land, would be torts, and could not be set up as counter-claims to an action on contract.

4. Plaintiff brought action against two defendants, who set up as a counter-claim money due to them for the use and occupation of land which was held by them as tenants in common. Plaintiff having recovered judgment against only one of the defendants, *held*, that the counter-claim was a joint demand of defendants, and could not be set up against the debt due by only one of them to the plaintiff.

5. The court cannot adjudicate the title to land, where such title is not put in issue and is not within the scope of the pleadings.

6. Mere inadvertences and errors of calculation in the Circuit judgment, corrected.

Before WITHERSPOON, J., Laurens, February, 1883.

At the hearing of this appeal, Honorable T. B. Fraser, judge of the Third Circuit, sat in the place of the Chief Justice, who had been of counsel in the cause.

[1] This completes the cases of November Term, 1883.—REPORTER.

The case is fully stated in the Circuit decree, which was as follows:

The complaint herein substantially alleges:

I. That plaintiff, on October 16, 1875, at the instance and for the benefit of the defendants, George F. Young and Mary Garlington, paid the sum of $377.07 for the redemption of a certain tract of land in Newberry county, before then sold for taxes, whereby said defendants recovered the possession of said land.

II. That plaintiff, on December 21, 1875, at the instance and for the benefit of the defendants above named, paid one Mathews $1,136.30 for the redemption of the Calmes Quarter tract of land in Laurens county, which had been sold and purchased by said Mathews at delinquent land sale, May 18, 1874, and conveyed by the auditor to Mathews February 24, 1875, whereby said defendants obtained full possession, and have since possessed said land.

III. That on February 12, 1878, plaintiff took from said Mathews a title deed for said land as evidence of the final redemption of the same and to secure repayment of redemption money paid as aforesaid.

IV. That at delinquent land sale for Laurens county, May 3, 1875, plaintiff bought about 1,000 acres of land for which he paid $757.51 cash, upon agreement between plaintiff and the last named defendant, that plaintiff was to retain of said tract under the purchase aforesaid about 550 acres thereof, originally belonging to estate of Wm. R. Young, for the benefit of said estate, of which estate plaintiff was administrator with will annexed, and defendants were to take possession of the remainder of said tract, about 450 acres, whereby defendants became indebted to plaintiff in the sum of $340.91, their proportionate share of said purchase money, and then agreed to pay same.

V. That for the benefit of said last named defendants, plaintiff paid taxes on the aforesaid lands in Laurens county, in possession of said defendants, from February 10, 1876, to February 10, 1879, amounting to $241.71.

VI. That plaintiff is justly entitled to repayment by said defendants of the several sums of money set forth, with interest, all of which remaining unpaid, and on January 16, 1881, with interest, amounts to $2,828.38.

VII. That defendant, Mary Garlington, is the wife of the defendant, Stobo D. Garlington.

VIII. That Mary Garlington has a valuable estate in her own right that has been benefited by the payments made as aforesaid, and should be held liable for the satisfaction thereof. Plaintiff prays judgment against defendants for the sum of $2,828.38, together with costs, and for such other relief as justice may demand.

Defendants, in their joint answer, substantially submit—

I. The defendant, Mary Garlington, states she has no knowledge of the allegations of paragraph I. of complaint. The defendant, George F. Young, admits that plaintiff redeemed the Newberry land for said defendant Young.

II. Defendant, Mary Garlington, has no knowledge of allegations in paragraph II. of complaint. The defendant Young alleges that plaintiff did agree to redeem for defendant Young the land referred to in said paragraph II., but took title in his own name. The defendants Young and Stobo D. Garlington allege that plaintiff brought action to recover this land under the deed from Mathews, and by said action and in other ways plaintiff subjected defendants to $1,000 damages by interfering with defendants' possession. Defendants say they have no knowledge of amount paid by plaintiff to Mathews, or the necessity thereof, and demand proof.

III. Defendants deny so much of paragraph III. as alleges plaintiff took title from Mathews as evidence of redemption of land and to secure repayment of redemption money.

IV. Defendants admit plaintiff bid off 1,000 acres of land as set forth in paragraph IV., but deny that it forms any part of the 1,000 acres admitted by plaintiff on day of sale to have been bid off. They allege that the 1,000 acres was bid off for defendant Young, and was so publicly announced at the bidding. Defendants deny all other allegations in paragraph IV. of complaint.

V. Defendant, Stobo D. Garlington, admits that plaintiff did pay certain taxes in 1876, but denies taxes paid as set forth. He alleges he protested against plaintiff's paying taxes after 1877. The defendants Young and Mary Garlington have no knowledge

of allegations in paragraph V. (payment of taxes) of complaint, and demand proof.

VI. Defendants deny their indebtedness to plaintiff as alleged in paragraph VI. of complaint.

VII. Defendant, Mary Garlington, admits she is seized of an estate in her own right, but has no knowledge of payments made by plaintiff, and if made, does not know that her estate has been benefited thereby, and demands proof of same.

The defendants set up as as *counter-claim* $6.71, taxes paid in 1880 on plaintiff's land, still due, and also for rents and profits of the 550 acres, known as the Wm. R. Young tract, from 1875, referred to in paragraph IV. of complaint. Defendants allege that plaintiff agreed to pay rent, and that they are entitled to 52 bales lint cotton for rent, for which they could have realized $2,650. The defendants allege that all the lands referred to in plaintiff's complaint are part and parcel of the estate of Samuel Young, and that defendants hold said lands by virtue of a deed from Wm. Young, executor of Samuel Young. Defendants also allege that the lands referred to by plaintiff were sold for delinquent taxes, and said lands had not been declared forfeited before sale. Defendants allege that the rental value of the Wm. R. Young tract is not less than 10 bales of lint cotton of 425 ℔s. each. Defendants deny indebtedness to plaintiff, but demand judgment against plaintiff for $3,656.71 and costs.

The plaintiff in reply denies that he ever agreed to pay defendants rent for the W. R. Young tract of land, as well as the other allegations of the answer inconsistent with the allegations of the complaint.

I have attempted to give in substance the allegations of the complaint and answer to indicate the nature of the action as well as the issues involved. It appears from the order of reference in the case that by consent of counsel it was referred to the master to take and report this testimony to the court. In the order of reference the master is directed to report in full all transactions between the parties, as to advancements, the sale of the land, and the title to the same, that the court may determine all the equities arising between the parties. The master has merely reported the testimony as directed, and the cause came on to be heard,

without a jury, at February term, 1883, of the Common Pleas for Laurens county.

The plaintiff's complaint is on a money demand, a legal action based upon an alleged contract or agreement whereby plaintiff claims to have paid and advanced certain sums of money for defendants at their instance and request. The defendants' answer seeks to change the character of plaintiff's claim from a legal to an equitable action. Whilst defendants have the right to interpose an equitable defence, they have no right by their answer to change a legal into an equitable action. There has been no order or amendment of the complaint, and plaintiff, upon the hearing, insisted upon the legal character of his demand. I do not think the order of reference, merely to take and report testimony, would change the character of the action as presented by plaintiff. I must therefore consider this as a *legal action* based upon contract or agreement between plaintiff and defendants. Taking this view as to the legal character of this action, it is not deemed necessary, nor is it intended herein, to adjudicate the title to any of the lands referred to in complaint, or the validity or regularity of the delinquent land sales referred to in the complaint.

The first question to be considered and determined as made by the complaint is, whether or not plaintiff paid or advanced the several sums of money, or any part thereof, to the defendants, or either of them, at their instance and for their benefit, as alleged in the complaint. To determine this, reference must be had to the testimony taken by the master. From a review of the testimony I am satisfied and conclude that plaintiff did not pay or advance at the instance or request of either of the defendants, Mary Garlington or Stobo D. Garlington, any sums of money, nor does it appear that there was any contract or agreement between plaintiff and said defendants, Mary Garlington and Stobo D. Garlington, with reference to plaintiff paying money for them, or either of them, as alleged in the complaint. The plaintiff having failed to establish by the testimony his demand against the said defendants, the complaint should be dismissed with costs as to the defendants, Mary Garlington and Stobo D. Garlington.

The testimony, however, does show, and I must conclude, that under an agreement between plaintiff and the defendant, George F. Young, plaintiff did pay and advance for the defendant, George F. Young, the following sums, to wit: On May 3, 1875, the sum of $661.89 to enable said defendant to redeem certain lands of the estate of Samuel Young, then sold at delinquent land sale, of which said sum plaintiff in his complaint only demands the sum of $340.91, and in his recovery against defendant plaintiff must be *limited* to the demand as set forth in his said complaint; that on October 16, 1875, under agreement between plaintiff and defendant, George F. Young, plaintiff paid for said defendant, George F. Young, the sum of $377.07, to enable said defendant to redeem a certain tract of land of the estate of Samuel Young, in Newberry county, that had been sold for taxes; that on December 21, 1875, under an agreement between plaintiff and defendant, George F. Young, plaintiff, at his instance, paid for the said George F. Young to one B. H. Mathews, who had purchased the Calmes Quarter tract of land in Laurens county of the estate of Samuel Young, sold at delinquent land sale, to enable said defendant to redeem said land, the sum of $1,136.30.

Under the agreement between plaintiff and the defendant, George F. Young, the said George F. Young was to pay plaintiff the amount of money advanced and paid as aforesaid, with interest thereon, and no part of the money paid or advanced by plaintiff as aforesaid or interest has ever been paid by the said George F. Young. Plaintiff, in the 5th paragraph of his complaint, alleges that he paid certain taxes on the delinquent lands sold as aforesaid for the benefit of defendant. It is not alleged by plaintiff, nor does it appear from the testimony, that the payment of said taxes was embraced in the agreement between plaintiff and the defendant aforesaid, nor does it appear that said taxes were paid at the instance and request of either of the other defendants, Mary Garlington or Stobo D. Garlington. The evidence as to the payment of taxes on delinquent lands sold as aforesaid is not clear, as in many instances the tax alleged to have been paid is embraced in tax receipt, including plaintiff's own lands. As the testimony fails to show any agreement or

authority from defendants to plaintiff to pay said taxes, plaintiff's demand for taxes alleged to have been paid in 5th paragraph of complaint cannot be allowed.

It was contended by defendants' counsel that the statute of frauds presented a bar to plaintiff's recovery; that plaintiff, having title and never having tendered titles to defendants, could not recover; that the sale of delinquent lands, May 18, 1874, was irregular and void, and that plaintiff could not acquire a valid title to land sold at said delinquent sale. *Roddy* v. *Purdy*, 10 *S. C.*, 137. These are matters that might avail defendants if plaintiff in this action was setting up *title* to land, or seeking to enforce a *lien* upon land. The testimony shows that plaintiff advanced the $1,136.30 to defendant, George F. Young, long after Mathews had purchased at delinquent land sales, and defendant failed to pay plaintiff. Plaintiff alleges he took title from Mathews February 12, 1878, merely as evidence of redemption, and to secure from defendants the repayment of money advanced and already paid for defendant Young. When plaintiff paid the money to Mathews for the defendant, George F. Young, it does not appear as part of the agreement between the parties that the liability of Young to plaintiff depended upon the validity of said tax sale. The payment was made for the benefit of the defendant, George F. Young, and plaintiff should not lose his money on account of irregularity of tax sale, when he is not asserting title to land sold, or attempting to enforce a *lien* upon the land. But, as already stated, these matters cannot arise or be adjudicated in this action to recover money paid by plaintiff at the instance of defendant.

Defendants in their answer, by way of counter-claim, allege that in 1880 they paid $6.71 taxes on plaintiff's lands. The evidence of such payment is a tax receipt for second instalment of taxes paid by defendant, Stobo D. Garlington, November 15, 1880, on 2,850 acres of land assessed against plaintiff, the amount of taxes being $34.80. There is no testimony that plaintiff authorized or requested defendants to pay said taxes, and the counter-claim of $6.71 cannot be allowed.

Defendants further allege and set up in their answer, by way of counter-claim, that plaintiff promised and agreed to pay defen-

dants a certain number of bales of cotton as annual *rent* for the
Wm. R. Young tract of land for the year 1875, and the intervening
years up to and inclusive of the year 1880, which rent has never
been paid by plaintiff, and that defendants are entitled to judg-
ment against plaintiff for the sum of $2,650 the value of said
rent. It appears from the testimony that the William R. Young
tract of land was conveyed by the executor of Samuel Young to
the defendants, George F. Young and Mary Garlington, *jointly*.
Under the code, a defendant can set up a counter-claim where a
cause of action exists in favor of a defendant and against a plain-
tiff, *between whom a several judgment* might be had in *the action*,
and arising out of one of the following causes of action: 1. A
cause of action arising out of the contract or transaction set forth
in the complaint as the foundation of the plaintiff's claim or
connected with the subject of the action. 2. In an action on
contract any other cause of action arising also on contract and
existing at the commencement of the action.

Did the plaintiff, as matter of fact, promise or agree to pay
defendants rent for the William R. Young tract of land? Plain-
tiff testifies positively that he did not. It appears that in order
to effect a settlement of the money advanced for defendant,
George F. Young, as aforesaid, plaintiff did propose to defen-
dant, Stobo D. Garlington, at a time subsequently to the trans-
action with George F. Young, May 3, 1875, to account for
rent received by plaintiff from the William R. Young land, but
it does not appear that this was a part of the original agreement
between plaintiff and George F. Young, but was merely a pro-
posal to effect a settlement which was never accomplished. The
defendant, George F. Young, testifies that he regarded plaintiff
as acting in his own interest, but states positively that there was
no understanding about plaintiff taking possession of the Billy
Young tract of land any more than his taking possession of any-
thing else he (defendant) had. The testimony fails to show that
plaintiff ever promised or agreed to *pay rent as such* to defen-
dants for the William R. Young tract of land, and the counter-
claim cannot be allowed. But even if there was satisfactory
evidence that plaintiff agreed to pay defendants rent, the coun-
ter-claim as set up in defendants' answer could not be sustained

in this action, for the reason that plaintiff's claim herein established as set forth in the answer would be in favor of defendants *jointly*. I must therefore conclude that the counter-claim, as set up in defendants' answer, cannot be allowed under the code of procedure.

Defendants further allege in their answer that they have sustained damages by reason of plaintiff's seeking to eject them from the Calmes Quarter tract of land, under the deed from Mathews, and by other interference with defendants' possession of said land. The alleged conduct of plaintiff is in the nature of a *tort* that cannot be set up as a defence to plaintiff's action.

I find as matters of fact:

I. That plaintiff did not pay or advance money to the defendants, Mary Garlington and Stobo D. Garlington, or either of said defendants, at their instance, as alleged in his complaint.

II. That plaintiff, at the instance and request of the defendant, George F. Young, did pay for and advance to the said George F. Young the following sums of money, which said sums of money and interest the defendant, George F. Young, agreed to pay plaintiff, to wit: May 3, 1875, the sum of $340.91; October 16, 1875, the sum of $377.07, and on December 21, 1875, the sum of $1,136.30, which said several sums of money still remain due by defendant to plaintiff, and with interest up to January 16, 1881, amounts to $2,537.54.

I find as matters of law:

I. That the defendants, Mary Garlington and Stobo D. Garlington, are not indebted to plaintiff, as alleged, and that the complaint should be dismissed with costs as to the defendants, Mary Garlington and Stobo D. Garlington.

II. That the defendant, George F. Young, is indebted to plaintiff for money paid and advanced at his instance and request, in the sum of $2,537.54, with interest from January 16, 1881, together with the costs of this action.

III. That the counter-claim set up in the answer of defendants should not be allowed.

It is therefore ordered and adjudged, That George P. Copeland, the plaintiff, have judgment, with leave to issue execution against the defendant, George F. Young, for the sum of

$2,537.54, with interest from January 16, 1881, together with costs. It is further ordered and adjudged, That plaintiff's complaint be dismissed with costs as to the defendants, Mary Garlington and Stobo D. Garlington.

From this judgment the defendants appealed on the following exceptions:

Because it is respectfully submitted—

1. His honor erred in giving judgment in favor of plaintiff, and against the defendant, George F. Young, for $1,136.30— money paid by plaintiff to Mathews in connection with Calmes Quarter tract of land.

2. His honor erred in giving judgment in favor of plaintiff, and against defendant, George F. Young, for $340.91—money alleged to have been paid by plaintiff in connection with delinquent land sales made on May 3, 1875.

3. His honor erred in not finding that plaintiff must tender title, or such title as was in him, to the lands in connection with which the alleged moneys were advanced, before he can maintain this action against the defendants for the enforcement of his legal rights, or the recovery of the moneys advanced as alleged.

4. His honor erred in not finding the sale of lands sold as delinquent on May 18, 1874, and on May 3, 1875, not only irregular, but null and void.

5. His honor erred in not finding that there was no agreement between plaintiff and George F. Young touching the disposition of lands bid off by plaintiff on May 3, 1875, at the sale of delinquent lands.

6. His honor erred in not finding as void any verbal agreement entered into between plaintiff and George F. Young for the disposal of the 1,000 acres of land, or any part thereof, and bid off by plaintiff at the sale of delinquent lands on May 3, 1875.

7. His honor erred in not finding that if George F. Young had entered into any verbal agreement with plaintiff under a misapprehension of his legal rights, he could withdraw from such agreement and assert his rights in an action to enforce legal rights.

8. His honor erred in not finding the legal title to the 1,000 acres of land, of which the W. R. Young tract is alleged by plaintiff to be a part, and bid off by plaintiff at sale of delinquent lands on May 3, 1875, to be in the defendants, George F. Young and Mary Garlington, and that they are entitled to the rents and profits of the W. R. Young tract of land.

9. His honor erred in finding that the damages resultant to the defendants from the action brought by plaintiff to eject Stobo D. Garlington and others from the Calmes Quarter tract, were resultant from conduct in the nature of a tort and cannot be set up as a counter-claim in this action.

10. His honor erred in finding that the counter-claim set up by the defendants for the rents and profits of the W. R. Young tract of land cannot be maintained in this action.

11. His honor erred in not finding and adjudicating the equities of the parties as revealed by the pleading and the evidence in this action.

*Mr. J. W. Ferguson*, for appellants.

*Messrs. Holmes & Simpson, B. W. Ball*, and *H. L. Farley*, contra.

June 10, 1884. The opinion of the Court was delivered by

MR. JUSTICE FRASER. Only a brief outline of the facts will be necessary in this opinion, as the case is very fully stated in the decree of the Circuit judge. Samuel Young, late of Laurens district, died in 1865, leaving in force a will by which, in certain contingencies, he gave his estate, real and personal, to his son, William Young, charged with pecuniary legacies of $20,000 each, to his two grandchildren, the defendants, George F. Young and Mary Young, who has intermarried with the defendant, Stobo D. Garlington. Finding this charge on the estate in his hands a very heavy one, in consequence, we suppose, of the changed condition of affairs at the close of the Confederate war, William Young conveyed, in April, 1876, the whole estate, reduced to about 8,000 acres of land and a small amount of personalty, to

the defendants, George F. and Mary L., as "tenants in common," in payment for the said legacies.

The real estate consisted of a large number of parcels or tracts of land, and, amongst them, some land known as the "Calmes tract" of 1,300 acres, and the "Wm. R. Young tract" of 550 acres. This tract of 550 acres had been the property of W. R. Young, who died in 1863, and had been sold as a part of his estate under some proceedings and in some way not material here, and conveyed to the said Samuel Young in his life-time, and by William Young conveyed to George F. and Mary L., with the other property of his estate. These defendants having failed to pay, in due time, the taxes assessed on these lands, and the lands or a portion of them having been sold as delinquent, the plaintiff furnished the money on several occasions to redeem them, or so much of them as had been sold for taxes.

The complaint alleges that the money was advanced on an agreement between the plaintiff, who is the respondent in this case, and the defendants, George F. and Mary L., two of the appellants, to repay the money and interest. The Circuit judge has rejected several of the sums claimed in the complaint, and he has also found as a fact that there was no agreement made by Mary L. to repay these moneys. He has found, however, as a fact that George F. did promise to pay and is liable for $377.07, and interest from October 16, 1875, the money loaned by plaintiff to redeem a tract of land in Newberry county, for $1,136.30, and interest from December 21, 1875, the money paid to B. H. Mathews to redeem the Calmes tract, which he had bought at a tax sale, and $340.91, and interest from May 3, 1875, money advanced to buy in at a tax sale a portion of the said real estate at the same time that plaintiff claims to have bought in the W. R. Young tract for himself or for parties whose interest he claims to represent as executor or administrator of W. R. Young. These sums, with interest, amount on January 16, 1881, to $2,539.90, and for this sum and interest from January 16, 1881, to the date of the decree, the Circuit judge has given judgment.

The plaintiff's claim, thus adjudicated, is a purely legal demand, triable by a jury, and in such cases when the case has been tried, as this case has, by the Circuit judge instead of a jury,

there can be no appeal to this court from his findings of fact. Mere errors of calculation, however, or improper conclusions of law from the facts found by the Circuit judge, as will hereafter appear, may be corrected in this court without any infringement of the rule which does not permit this court to review the findings of fact by a Circuit judge in a jury case.

Besides the general denial of the plaintiff's cause of action, the defendants set up in their answer by way of defence, 1. That on the occasion when plaintiff advanced the sum of $1,136.30, December 21, 1875, to redeem the Calmes tract, B. H. Mathews, who had purchased the same at the tax sale, made a title, such as he had, to the plaintiff for the same, and that it was incumbent on the plaintiff in any action to recover the money to tender back to defendant such title, and that he has failed to do so here. 2. By way of counter-claim, defendants allege that plaintiff had, before the commencement of this action, brought an action against the defendant, Stobo D. Garlington, and the tenants, to recover possession of the Calmes tract; that by this action and other interference with the possession, plaintiff had caused damage to the defendants to the extent of $1,000, for which amount the defendants set up a counter-claim in this action. 3. Further, by way of counter-claim, the defendants allege that the plaintiff has been in possession of the said W. R. Young tract, and has received the rents and profits thereof from the year 1875, including that year, to the present time; that the title to the said W. R. Young tract is in the defendants, George F. and Mary L.; that the rents and profits of the said land for the time plaintiff has been in possession thereof are worth $2,650; that plaintiff agreed to pay the same; and for this sum defendants set up a counter-claim. 4. Defendants also set up as a counter-claim the sum of $6.50, money advanced for plaintiff in the payment of some taxes.

The Circuit judge has rejected this defence and all of these counter-claims. There has been no appeal as to the items in the complaint rejected by the Circuit judge, or as to the item of $377.67, advanced October 16, 1875, or as to the counter-claim of $6.50. The appeal brings up all the other questions in the case on exceptions by the defendants.

1. The first two exceptions are as to the findings of fact by the Circuit judge on the plaintiff's cause of action, and have been disposed of above.

2. The 3d, 4th, and 9th exceptions relate to the failure of the plaintiff to tender back title to the Calmes tract, and damages to the possession thereof. It is clear from the testimony that B. H. Mathews conveyed to plaintiff such title as he had to the Calmes tract only as a security for the repayment of the money, $1,136.-30, advanced by plaintiff to the defendant, George F., for its redemption, the said George F. going into possession thereof and retaining it, either by himself or others. If this had been an agreement between the plaintiff and George F. for the sale to George F. of the Calmes tract on the payment of $1,136.30, there would have been good reason for the claim now made by George F., that plaintiff should have tendered title either before action or, at least, in his complaint, in which he sues for the purchase money, before he could be allowed to recover. A creditor who holds a claim secured by a mortgage of real estate, or other collaterals, is under no obligation to resort to his mortgage or other collaterals, in the first instance, if he is satisfied to sue for and obtain a purely personal judgment against his debtor. Neither is he under any obligation to tender back title to the mortgaged property or a delivery of the collaterals, in his complaint, as a condition of his right to recover a judgment for his debt. If the defendant, the mortgagor, is apprehensive of injury or loss, as he might well be when the mortgage has been made by way of a deed absolute on its face, or when the property pledged for the payment of the debt consists of negotiable securities, the proper remedy for the defendant is to tender in his answer the money due to the plaintiff and demand, by way of counter-claim, a reconveyance of his land unincumbered by the plaintiff, or a redelivery of his securities.

It is not difficult to conceive of circumstances which would make this course necessary and proper on the part of the defendant in order to protect himself against a loss of his securities after he has paid the debt for which they were pledged; but in such cases it would be the duty of the defendant debtor and not of the plaintiff creditor to tender performance as the foundation

of his demand for judgment. It was not the duty of the plaintiff in this case in his complaint to tender back such title as he has to the Calmes tract, and which, it seems, he has once failed to establish in the courts, but of the defendant, George F., to tender payment, in his answer, of the amount secured by such title. If this had been done, the court might have ordered a reconveyance as a condition of a payment for this sum in favor of plaintiff, but not otherwise.

3. Defendants also set up a counter claim for damages growing out of an action brought by plaintiff against the defendant, Stobo D. Garlington, and certain tenants, to recover the possession of the Calmes tract, and other alleged interference with the possession of defendants. If any action would lay in this or in any other case for merely bringing an action to recover possession of land, which proves unsuccessful, or if there has been any thing in the conduct of the plaintiff in reference to the possession of the Calmes tract, as shown by the testimony taken in this case, on which an action could be founded, such action cannot, in any proper sense, be said to be founded on contract. If any thing, these matters are torts, either trespass or case, and are not proper subjects of a counter-claim in an action founded on a contract for the payment of money loaned.

Exceptions 5, 6, 7, 8, and 10, refer to the title of the W. R. Young tract and the counter-claim set up in reference to the rents and profits of said tract while in possession of the plaintiff. We will consider first the counter-claim for rent. It appears that this tract of land was at one time the property of W. R. Young, and after his death was conveyed by some process, the validity of which is in dispute between the plaintiff and the defendants, to Samuel Young, and was conveyed by William Young, who claimed under the will of Samuel Young, to the defendants, George F. and Mary L., "as tenants in common." Assuming, for the purposes of this case, so far as the question of rent is concerned, that the title of Wm. R. Young has passed to Samuel Young, and that Samuel Young's title has passed to defendants, George F. and Mary L., under the deed made by William Young, and that there has been no valid conveyance of the W. R. Young tract to plaintiff, the title remains in George F. Young and Mary Young

Garlington, "as tenants in common." They have this title if any, and no other.

There has been no proof of any express contract on the part of plaintiff to pay to George F. or Mary L., or either of them, rent for the W. R. Young tract. They can stand, therefore, only upon the implied agreement based upon the plaintiff's use and occupation of the land, the title to which is in them "as tenants in common." Their claim for rent on an implied promise is joint, and not several. "As each (tenant in common) has a separate and distinct freehold, if they have been disseized and seek to recover the estate they must bring separate actions and may not join. And if one tenant in common recover judgment for possession in an action for the whole land, he can recover damages *pro rata* according to his actual interest in the estate. But as they have one possession, they must join in actions for injuries to this, as trespass *quare clausum fregit*, nuisance, and the like." 3 *Wash. Real Prop.*, 572. To the same effect, see 1 *Chit. Pl.*, 13, note 1, with the authorities cited. The wrong done here was to the possession, and the tenants in common are permitted to elect to sue on the implied contract instead of the trespass. Their possession is one, and any claim based on this possession must necessarily be joint.

If there had been an express contract, the case would have been different, and the contract would have been joint or several according to the agreement of the parties. The claim for rent of this land is therefore one for which George F. and Mary L. could only have sued jointly, and the question now is, can this joint demand be set up in this action, in which it is found that plaintiff has a valid demand against only one of these defendants. It is conceded, that if the plaintiff had failed entirely in his action against all and each of the defendants, such a counter-claim, though it be joint, could be set up against him. *Pom. Rem.*, 739. In the case before the court, the plaintiff has established his demand against one and only one of the defendants. By setting up a counter-claim, the defendants become, in reference thereto, the plaintiffs, and the plaintiffs become *quoad hoc* defendants. *Plyler* v. *Parker*, 10 *S. C.*, 464.

The general rule laid down in *Pom. Rem.*, 761, is this:

"Fifthly, when two or more persons have a joint right of action and unite as plaintiffs to enforce the same, a counter-claim cannot be admitted against one or some of them in favor of any or all the defendants." According to this rule, if defendants had brought a joint action for rent and established their demand, plaintiff could not have set up his several claims against one of them as a counter-claim. These two matters cannot be adjudicated in the same action, and one of them must be rejected. Plaintiff has come into court to enforce his demand, and cannot be deprived of his right by the presentation of a counter-claim, the allowance of which would have the effect of remanding him to another action. If either party must resort to another action, the defendants in this case must do so. Plaintiff has chosen his ground for the contest, and if he has rights, they must be accorded to him here. There may perhaps be cases of insolvency, or other circumstances where the application of this rule might be practically a total defeat of the party, who is turned out of court for the reason here assigned, but no such circumstances or special equity have been alleged by the defendants here.

These exceptions also allege as error that the Circuit judge did not settle the questions between plaintiff and defendants as to the title to the W. R. Young tract. We have examined the pleadings in the case carefully and do not find any such issue raised by them; whatever is said in reference to this subject is merely by way of recital to explain the matters above alluded to, and as to which relief is sought. The complaint is not framed with any view to enforce the performance of any contract in reference to the W. R. Young tract, and the answer is not framed with any view to recover possession of said land. While parties may have any relief to which it appears by the evidence they are entitled, it must be something within the scope of the pleadings. There was, therefore, no error in refusing in this action to adjudicate the title or possession of the W. R. Young tract.

All that it is intended to decide in reference to these counter-claims, and as to the titles to the Calmes tract and the W. R. Young tract is, that these are not proper matters to be adjudicated in this action.

As above intimated, there are several errors or mere inadver-

tencies apparent on the face of the Circuit decree which should be corrected. 1st. The whole amount paid by plaintiff on May 3, 1875, as found by the Circuit judge, was $661.89, and not $757.59, as alleged in the complaint. The defendant, George F., was to pay of this amount in the proportion which 450 acres bears to 1,000 acres of land. The true sum, from this finding of the Circuit judge, should have been. $297.85, and not, as stated in the decree, $340.91. The total of the principal will therefore be $1,810.96, and of the interest $667.70, in all, $2,478.68, and not $2,529.90, as stated in the decree. 2d. Of this sum only the principal should bear interest from January 16, 1881, the date of the commencement of the action, to the date of the decree, August 30, 1883, while the Circuit decree allows interest on the whole sum, principal and interest. The judgment should have been for $2,478.66, and interest on $1,810.96 from January 16, 1881, to August 30, 1883.

Subject to these modifications as to the amount of the plaintiff's demand, it is ordered and adjudged that the judgment of the Circuit Court be affirmed.